IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HENRY FORD**,<br><br>    Plaintiff,<br><br>    v.<br><br>**MERRICK B. GARLAND, et al.**,<br><br>    Defendant. | **CIVIL ACTION**<br><br>**NO. 22-2393-KSM** |

MEMORANDUM

**MARSTON, J.**                                                                                    September 12, 2022

*Pro se* Plaintiff Henry Ford filed a Complaint against high-ranking federal officials from the United States Department of Justice, the Federal Bureau of Prisons, and the United States Marshals Service. Ford asserts constitutional claims based on Defendants' use of "diesel therapy" to transport him among various prison facilities when he was a pretrial detainee in 1996 and 1997. Ford seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Ford leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.     FACTUAL ALLEGATIONS

Ford alleges that from July 1996 until November 1997, Defendants subjected him to "diesel therapy," a practice where federal prisoners are "continuously transported" among prison facilities "as a form of punishment."[1] (Doc. No. 2 at 15, 21.[2]) Prisoners are allegedly

---

[1] Ford states that the term "diesel therapy" refers to the diesel fuel used in prisoner transport vehicles. (Doc. No. 2 at 21.)

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

transported for days or weeks at a time. (*Id*. at 21.) Ford alleges that the diesel therapy began shortly after he was taken into federal custody in July 1996. (*Id*. at 14.) At the time, Ford had been charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). *See United States v. Ford*, Crim. Case No. 96-271 (E.D. Pa.).[3] Over the course of the next 17 months, Ford was transported 15 times to prisons in Pennsylvania, New Jersey, and Virginia. (Doc. No. 2 at 15, 20–21.)

Ford alleges that he "lost" his criminal case because the diesel therapy left him unable to "defend himself fully and adequately" against a crime of which he was "innocent." (*Id*. at 19, 32.) In particular, Ford alleges that "being moved continuously" during the pretrial period prevented him from having adequate opportunity to confer with his defense counsel and assist with his defense. (*Id*. at 16.) During transport times, he was allegedly deprived of telephone calls, mail, and visits. (*Id*.) In addition, at each transfer location, Ford was placed in a holding area for two to three days before being registered as an inmate, and had no telephone calls during those times. (*Id*.) Ford claims that prior to his trial, he met with his defense counsel only once and was never housed in an institution long enough to receive copies of motions submitted on his behalf. (*Id*. at 23–24.)

Ford vaguely alleges that he suffered "losses and injuries" as a result of being continuously transported to new prisons during his pretrial detention period. (*Id*. at 28.) He suffers from anxiety, depression, and drug addiction, which he alleges were caused by the loss of family connections and loss of employment that resulted from his incarceration. (*Id*. at 25.)

---

[3] After a jury found Ford guilty of the crime on November 18, 1996, *see Ford*, Crim. Case No. 96-271, at Doc. No. 91, he was sentenced on July 29, 1997 to 78 months of imprisonment and three years of supervised release. *Id*. at Doc. No. 128. The Third Circuit affirmed Ford's judgment of conviction on July 29, 1998. *See United States v. Ford*, No. 96-2079 (3d Cir.); *see also United States v. Ford*, 159 F.3d 1353 (3d Cir. 1998). To the Complaint, Ford attached numerous exhibits related to his criminal matter.

Based on these facts, Ford asserts claims under the Fifth and Sixth Amendments.[4] (*Id.* at 2.) He states that his Fifth Amendment right to due process and his Sixth Amendment rights to effective legal counsel and a fair trial were violated. Ford seeks money damages. (*Id.* at 28–34.) He names as defendants several high-ranking federal officials: Merrick B. Garland, Department of Justice; Eric Gartner, United States Marshals Service; Ronald Davis, United States Marshals Service; and Michael Carajal, Federal Bureau of Prisons. (*Id.* at 1–2.)

## II.   STANDARD OF REVIEW

The Court grants Ford leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[ ] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [ ] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting

---

[4] Ford also brings a claim under the Ninth Amendment. The Ninth Amendment states that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. The Court is not aware of any authority that permits a claim under the Ninth Amendment based on continuous transportation of pretrial detainees or prisoners among prison facilities. The Court need not, however, determine whether such a right exists because as explained below, any constitutional claims based on Ford's allegations are either barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) or barred by the two-year statute of limitations.

*Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Ford is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

## III. DISCUSSION

Ford asserts constitutional claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971).[5] *Bivens* provides a damages remedy for constitutional violations committed by federal actors in very limited circumstances. *Egbert v. Boule*, 142 S. Ct. 1793, 1799–1800 (2022); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017).[6] As set forth below, Ford's *Bivens* claims are not cognizable in a civil rights action or are otherwise time-barred.

### A.   *Heck*-Barred Claims

When a prisoner plaintiff seeks damages in a civil rights lawsuit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. Commonly referred to as the "*Heck* bar," *see Wallace v. Kato*, 549 U.S. 384, 385 (2007), this rule prevents plaintiffs from bringing claims, the success of which would render a sentence

---

[5] "[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'" *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017).

[6] Historically, federal law has provided a damages remedy to individuals whose constitutional rights were violated by *state* officials. *See* 42 U.S.C. § 1983. In *Bivens,* the Supreme Court for the first time implied such a cause of action for constitutional violations by federal officials, holding that "even absent statutory authorization, it would enforce a damages remedy to compensate persons injured by federal officers." *Abbasi*, 137 S. Ct. at 1854. *Bivens* does not, however, provide a remedy for any constitutional violation committed by any federal actor. Assuming, without deciding, that a *Bivens* remedy could exist here, Ford's claims fail for the reasons set forth in this Memorandum.

or conviction invalid, unless the plaintiff can show "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," *Heck*, 512 U.S. at 486-87. The *Heck* bar applies to *Bivens* claims. *Lora-Pena v. F.B.I.*, 529 F.3d 503, 505 n.2 (3d Cir. 2008).

Ford alleges that "being moved continuously" to different prisons during his pretrial period deprived him of "having a chance to succeed" in defending against a crime of which he was innocent. (Doc. No. 2 at 16.) However, the Complaint does not allege that Ford's conviction was invalidated. *See Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021) ("*Heck* is clear that the favorable-termination requirement is a necessary element of the claim for relief under § 1983[.]"). Consistent with his Complaint, Ford's public criminal docket reflects that the conviction is still valid. His conviction was affirmed by the Third Circuit, *see Ford*, No. 96-2079 (3d Cir.), and his motions to vacate his conviction—one under 28 U.S.C. § 2255 and one under Federal Rule of Civil Procedure 60(b)—were both denied, *see Ford*, Case No. 96-271 (E.D. Pa.), at Doc. Nos. 147, 199.

Ford's assertion that diesel therapy interfered with his ability to assist in his defense, in essence, call into question the fairness of his trial and thus challenges the constitutionality of his conviction. Because success on Ford's claims would necessarily imply the invalidity of his conviction, the claims are not currently cognizable in a *Bivens* action. *See Coello v. DiLeo*, --- F.4th---, No. 21-2112, 2022 WL 3148024, at *7 (3d Cir. Aug. 8, 2022) (concluding that Sixth and Fourteenth Amendment claims were *Heck*-barred because they were based on allegations that the plaintiff's criminal proceedings were conducted unlawfully and without her counsel present); *Telepo v. Martin*, 359 F. App'x 278, 280 (3d Cir. 2009) (*per curiam*) (claims were not

cognizable under § 1983 when they were "based on alleged violations of [plaintiff's] Sixth Amendment right to assistance of counsel during the sentencing phase of his criminal trial"); *Smith v. Holtz*, 879 F. Supp. 435, 442 (M.D. Pa. 1995) (holding that *Heck* applied to Fourteenth Amendment due process claim for deprivation of a fair trial due to the withholding of exculpatory evidence). Accordingly, the Court will dismiss Ford's claims without prejudice to his refiling them in a new lawsuit if his conviction is ultimately invalidated.

### B.   Time-Barred Claims

To the extent that Ford asserts other constitutional claims that do not imply the invalidity of his conviction or sentence, those claims are time-barred. The statute of limitations for a *Bivens* claim is governed by the analogous two-year Pennsylvania statute of limitations governing personal injury torts. *See Kornafel v. U.S. Postal Serv.*, 784 F. App' x 842, 843 (3d Cir. 2019) (*per curiam*) (citing *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)); *Omar v. Blackman*, 590 F. App'x 162, 165 (3d Cir. 2014) ("Therefore, in Pennsylvania, actions brought under . . . *Bivens* are subject to a two-year limitations period."). Although state law provides the applicable statute of limitations, federal law determines when a *Bivens* claim accrues. *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010); *Omar*, 590 F. App'x at 165 (citing *Wallace*, 549 U.S. at 388). A claim accrues for the purpose of the statute of limitations "when the plaintiff has a complete and present cause of action," or in other words, "when the plaintiff can file suit and obtain relief." *Omar*, 590 F. App'x at 165 (quoting *Wallace*, 549 U.S. at 388). "In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

Based on the allegations in the Complaint, Ford knew or should have known of any possible constitutional injury at the time he was subjected to diesel therapy in 1996 and 1997—nearly 25 years ago. *See Giles v. City of Philadelphia*, 542 F. App'x 121, 123 (3d Cir. 2013) (stating that "a federal cause of action accrues upon awareness of injury, not upon awareness of a potential legal theory or cause of action"). Accordingly, the limitations period for Ford's claims expired well over two years before he filed this Complaint on June 11, 2022.[7] Any possible constitutional claims Ford may have based on the Defendants' use of diesel therapy that are not *Heck*-barred are therefore barred by the two-year statute of limitations for these claims.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Ford's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Ford's *Heck*-barred claims will be dismissed without prejudice to him filing a new civil rights complaint only in the event his convictions are reversed, vacated, or otherwise invalidated. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (*Heck*-barred claims must be dismissed without prejudice). The balance of the Complaint is dismissed with prejudice because Ford cannot cure the defects in his time-barred claims. An appropriate Order follows.

---

[7] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Ford's Complaint is dated June 11, 2022. Under the mailbox rule, the Court construes this date as the earliest possible filing date.